Daniel, J.
 

 The defendant bound himself
 
 to
 
 pay all notes and accounts created at the firm, so soon as they were handed over to an officer, and he returned the same insolvent, or that he could not collect them. The papers were then placed in the hands of one of the plaintiffs. The officer was not named in the covenant; the plaintiffs had a right to select what officer they pleased, and it seems they did so. Many of the accounts could not be collected, the debtors being insol vent. The constable had sued the debtors in the name of the partners of the firm, the defendant being one of them. The judge was of opinion, that the undertaking of the defendant was a collateral one; and, as no notice had
 
 *305
 
 been giveu him before action brought, that the debtors would not pay or were insolvent, that the plaintiffs should be non-suited. It was insisted on behalf of the plaintiffs, that the return of the constable that the debtors were insolvent, was a fact as well known to the defendant as it was to the plaintiffs, and that he was bound in law to take notice of it. The rule of law in this respect appears to be, that wherever the circumstance, which is alleged as the foundation of the defendant’s liability, is more properly within the knowledge and privity of the plaintiff than the defendant, then notice thereof should be averred in the declaration, and proved on the trial.
 
 Herring’s case, Cro. Ja. 432, 2 Saund. 62. Rex v Holland,
 
 5 Term Rep. 62.
 
 Spooner
 
 v
 
 Baxter,
 
 16 Pick. Rep. 410. But where it dees not lie more properly within the knowledge of one of the parties than the other, notice is not requisite; as if a man contract to do a thing on the performance of an act by a stranger, or to give for a commodity" so much as a third person
 
 named,
 
 notice need not be averred, for it is in the knowledge of the defendant as much as in that of the plaintiffs, and he ought so to take notice at his peril. 2 Saund. 62, a. 1 Chitty’s Plead. 328. 1 Saund. 117,
 
 note
 
 2. In this case, the plaintiffs were to place the accounts and notes in the hands of an officer for collection; the particular officer is not named in the covenant — he is to be selected by the plaintiffs — the plaintiffs are of course to use reasonable diligence in establishing the claims before the proper courts, and causing them to be made available. Who the officer was, and what were the acts and doings of that officer, were facts, we think, more properly within the knowledge and privity of the plaintiffs than of the defendant. Notice thereof should have been averred and proved, according to the first class of authorities cited above. The covenant of the defendant was, as it seems to us, in the nature of a guaranty of the notes and accounts; and it has been repeatedly decided in this State, that before a person can be made liable upon his guaranty, he must have reasonable notice of the failure to obtain the debt, after reasonable diligence had been used by the guarantee.
 
 Green
 
 v
 
 Ricks,
 
 3 Dev. 362,
 
 Adcock
 
 v
 
 Fleming, 2
 
 Dev.
 
 &
 
 Bat. 470. The fact of the
 
 *306
 
 warrants having been brought in the name of the partners does not alter the case; because the plaintiffs and their officer were the only actors in prosecuting the said demands. The judgment must be affirmed.
 

 Per Curiam,, Judgment affirmed.